The opinion of the Court was delivered by
DuNKIN, Ch.
The leading object of this litigation was to obtain an account of the administration of the defendant, W. H. Peyton, on the estate of James Higginbottom, deceased. A final report was submitted by the commissioner at February sittings, 1851. In calculating interest, two modes were submitted by the report, the former of which was recommended by the commissioner, but the latter adopted by the Court.
All the other exceptions of the administrator were overruled. By this report a large amount was ascertained to be duo by the administrator for. moneys received by him and not disbursed. His sureties were also parties defendants, and demurred to the bill on account of a defect in the bond. Their demurrer was overruled. On a collateral matter arising out of a controversy between Lucy J. Eniclcs, formerly the wife of George W. Collins, deceased, and one John F. Peyton, the administrator of Collins, the commissioner had reported against Mrs. Enieks; and, on exception thereto, the exception was sustained and the report ordered to be reformed. The report being reformed, was confirmed by the Chancellor in February, 1852. At the same time an order was made for the distribution of the fund ascertained to be due by ¥m. H. Peyton and his sureties, under the report of 1851, among the parties entitled ; and also an order for the commissioner to pay Lucy J. Enieks the sum which had been claimed by John F. Peyton, administrator of Collins, deceased. The Chancellor being given to understand that an order was necessary as to costs, and supposing, as he s'tates to this Court, that hé was only carrying out the previous decree, ordered the costs to be paid out of the estate of James Higginbottom and of Aaron Gillett, respectively. The complainant, E. J. Higginbottom, appealed from this order.
*316 The genera] rule is, that where the decree is silent as to costs, costs follow the decree. But, as stated by the Court in Muse vs. Peay, Dud. Eq. 236, and repeated in Chaplin vs. Jenkins, 2 Strob. Eq. 100, where various claims are made, some of which are allowed and some rejected, the rule is inapplicable. But in this case all the claims of the complainant, who was a daughter and distributee of the intestate, were substantially sustained. The administrator was found largely indebted, and the defence of his sureties, vigorously and ably pressed, was overruled; and they, as well as their principal, declared liable in a definite amount by the decree of 1851. It was not necessary to make any order as to costs, for these followed the decree, and were payable by the parties who were liable for the sum decreed to be due, to wit, by the -administrator, W. II. Peyton, and his sureties.
The litigation in relation to the claim of Lucy J. Enicks had no connection with the estate of Iligginbottom, a-nd as little with that of Aaron Grillett, deceased. It was a controversy between her and the administrator and creditors of her former husband, Greo. W. Collins, deceased, as to her interest in the estate of her father, Elijah Grillett, deceased. The claim of Mrs. Enicks was wholly sustained, and that of the administrator and creditors rejected, and their resistance overruled. In the absence of special directions, the costs of Lucy J. Enicks, as well as their own, should be paid by the administrator and creditors of Collins.
It may be proper to remark that this is not what is commonly •designated as an appeal from a decree for costs. Where a Chancellor has heard and considered a cause, this Court will entertain no appeal from his decision as to costs. But in this case, the effect of the decree heretofore made (February, 1851,) was to carry the costs, and any further decree on that subject was unnecessary, and any order at variance with the decree would be the result of misapprehension.
It is ordered and decreed, that the decretal order of 9tb February, 1852, be modified as herein expressed.
Johnston, Daegan and Waiidiaw, CC., concurred.

Decree modified.